IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE IRAHETA | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | Cause No. 5:13-cv-00330-OLG |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS INC.; | § | |
| EQUIFAX INFORMATION SERVICES LLC; | § | |
| TRANS UNION LLC; | § | |
| XCELERATED INVESTMENTS INC.; | § | |
| HSBC BANK USA FKA HHLB; | § | |
| CROSS COUNTRY MORTGAGE; | § | |
| NATIONS LENDING CORPORATION; | § | |
| ONEMAIN FINANCIAL; | § | |
| GRANITE BAY ACCEPTANCE INC.; | § | |
| AT&T INC.; | § | |
| COUNTRYWIDE HOME LOANS INC., | § | |
| BANK OF AMERICA N.A.; | § | |
| BAC HOME LOAN SERVICING L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING L.P.; | § | |
| SILVERLEAF RESORTS INC.; | § | |
| CONSUMERINFO.COM INC.; and ABC ENTITIES 1 – 200 (Representing Presently Unknown Entities) | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

COMES NOW JOSE IRAHETA hereinafter referred to as "Plaintiff", complaining of and about EXPERIAN INFORMATION SOLUTIONS INC.; EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; XCELERATED INVESTMENTS INC.; HSBC BANK USA FKA HHLB; CROSS COUNTRY MORTGAGE; NATIONS LENDING CORPORATION; ONEMAIN FINANCIAL; GRANITE BAY ACCEPTANCE INC.; AT&T

INC.; COUNTRYWIDE HOME LOANS INC., BANK OF AMERICA N.A.; BAC HOME LOAN SERVICING L.P. F/K/A COUNTRYWIDE HOME LOANS SERVICING L.P.; SILVERLEAF RESORTS INC.; CONSUMERINFO.COM INC.; ABC ENTITIES 1 – 200 (Representing Presently Unknown Entities), individually, separately, and collectively as ("Defendants") and for cause of action shows unto the Court the following:

## I. PARTIES AND SERVICE

1. Plaintiff, **JOSE D. IRAHETA**, is a Texas resident.

2. Defendant, **EXPERIAN INFORMATION SOLUTIONS INC.**, hereinafter referred to "EXPERIAN", is a corporation conducting business in the state of Texas. EXPERIAN has appeared and answered and no issuance of citation is necessary.

3. Defendant, **EQUIFAX INFORMATION SERVICES LLC**, hereinafter referred to "EQUIFAX", is a limited liability company conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4. Defendant, **TRANS UNION LLC**, hereinafter referred to "TRANSUNION", is a limited liability company conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: The Prentice-Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5. Defendant, **XCELERATED INVESTMENTS, INC.**, hereinafter referred to "XCELERATED", is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

6. Defendant, **HSBC BANK USA FKA HHLB,** hereinafter referred to "HSBC", is a National Association bank with its registered office in Wilmington, Delaware, and may be

served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

7. Defendant, **CROSSCOUNTRY MORTGAGE INC.**, hereinafter referred to "CROSSCOUNTRY" is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

8. Defendant, **NATIONS LENDING CORPORATION**, hereinafter referred to "NATIONS", is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: National Registered Agents Inc., 350 N. ST. PAUL Street, Suite 2900, DALLAS, Texas 75201.

9. Defendant, **ONEMAIN FINANCIAL INC.**, hereinafter referred to "ONEMAIN", is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

10. Defendant, **GRANITE BAY ACCEPTANCE INC.**, hereinafter referred to "GRANITE", is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

11. Defendant, **AT&T Corp.**, hereinafter referred to "AT&T", is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

12. Defendant, **COUNTRYWIDE HOME LOANS, INC.**, hereinafter referred to "COUNTRYWIDE", is a corporation conducting business in the state of Texas and may be

served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

13.     Defendant, **BANK OF AMERICA, N.A.**, hereinafter referred to "BOA" is a National Banking company conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

14.     Defendant, **BAC HOME LOAN SERVICING, L.P. F/K/ACOUNTRYWIDE HOME LOANS SERVICING L.P.**, hereinafter referred to "BAC" is a limited partnership conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

15.     Defendant, **SILVERLEAF RESORTS INC.**, hereinafter referred to "SILVERLEAF" is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

16.     Defendant, **CONSUMERINFO.COM INC.**, hereinafter referred to "CONSUMERINFO", is a corporation conducting business in the state of Texas and may be served with process by serving its registered agent for service of process at: C T Corporation System, 350 N. St. Paul Street, Suite 2900, DALLAS, Texas 75201.

17.     Defendants **ABC ENTITIES 1 – 200,** hereinafter referred to "UNKOWN ENTITIES", Representing Presently Unknown Entities.

18.     Each and every allegation made that a particular Defendant, individually, or collectively, did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors,

officers, agents, servants, employees, representatives and/or contractors subject to such Defendant's control making that Defendant responsible and liable for all such conduct. Plaintiff invokes the doctrine of respondeat superior.

## II. JURISDICTION AND VENUE

19. This is an action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and Defendants are engaged in business practices subject to the Court's jurisdiction.

20. The Court also has jurisdiction over the amount in controversy because the damages sought are within the jurisdictional limits of the Court.

## III. FACTS

21. Since at least January 17, 2003, EQUIFAX, TRANSUNION, and EXPERIAN, hereinafter collectively referred as "CRA Defendants", have been engaged in blatant, malicious, willful, and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a, et seq. The CRA Defendants have placed profits before their lawful obligations and Plaintiff's rights, by having, on numerous occasions, allowed unauthorized hard and soft inquiries, and access to Plaintiff's information and/or consumer file. The CRA Defendants willfully, maliciously, and negligently failed to ensure that only accurate data/information is contained, and reported, in Plaintiff's consumer file and that access to Plaintiff's consumer file be restricted and limited only when authorized, and/or, permissible under the FCRA. The CRA Defendants have willfully and negligently failed to investigate and execute the actions called for under the FCRA in connection with various disputes Plaintiff has made regarding the information contained in Plaintiff's consumer files as maintained by the CRA Defendants.

22. Additionally, the malicious, willful, and negligent actions of the CRA Defendants have directly contributed to a negative effect on Plaintiff's credit score, and therefore also has had a negative effect on Plaintiff's creditworthiness. An individual's credit score, "is a three-digit number that is calculated from [an individual's] credit report to gauge [an individual's] reliability as a borrower. It can be used to predict whether [an individual will] pay back [the individual's] loans or pay debts on time, and it also helps to determine whether [an individual is] generally a good risk for lender", EQUIFAX, July 2013 (http://blog.equifax.com/credit/how-your-credit-score-is-calculated/). The CRA Defendants actions have wrongly portrayed Plaintiff as **NOT** being a "good risk for lender", thus causing injury to Plaintiff.

### IV. EXPERIAN VIOLATIONS OF 15 U.S.C. § 1681b, § 1681e, § 1681g, and § 1681i

23. On, or about, the following dates, EXPERIAN did improperly, willfully, negligently, unlawfully, and without Plaintiff's authorization allowed "hard inquiries" on behalf of Corelogic Inc., ("CORELOGIC), giving CORELOGIC access to, and allowing CORELOGIC to obtain Plaintiff's consumer credit report as maintained by defendant EXPERIAN:

   a. November 15, 2012;
   b. November 21, 2012;
   c. December 5, 2012;
   d. December 10, 2012; and
   e. December 18, 2012.

24. On, or about, December 27, 2012, Plaintiff notified EXPERIAN, via telephone, of Plaintiff dispute regarding the "hard inquiries", listed as 23a – e above, and informed EXPERIAN that Plaintiff had not consented, nor given authorization, for said disputed inquiries, and advised EXPERIAN that Plaintiff's credit score had been negatively impacted and reduced by 18 points as a result of said unauthorized inquiries. Plaintiff followed up the telephone conversation with a letter, dated December 27, 2012, that also outlined Plaintiff's dispute of the

aforementioned inquiries. In the written correspondence, Plaintiff disputed the aforementioned credit inquiries and requested that EXPERIAN "remove, or take all actions necessary to remove, the credit inquiries made by CORELOGIC on" the dates listed in paragraph 23a – e above. Defendants failed to take all the actions required under the FCRA. EXPERIAN's actions wrongfully categorized Plaintiff in a higher credit risk and injured Plaintiff and caused Plaintiff's credit score to decrease due to "the number of inquiries", resulting in denial of credit, loss of credit opportunity, and increased credit costs.

25. Even though Plaintiff contacted EXPERIAN on December 27, 2012 and disputed the validity and authorization of the aforementioned inquiries, as of today, EXPERIAN has refused to remove the credit inquiries, and failed to report the inquiry as being or make any notice of such dispute in Plaintiff's consumer report, thus in violation of the Fair Credit Reporting Act "FCRA", to include but not limited to, 15 U.S.C. § 1681b, § 1681e, and § 1681i.

26. Additionally, EXPERIAN states that "a customer's overall creditworthiness [is determined] by accessing a debt-to-income ratio based on the outstanding debt obligations from their credit report as compared to their estimated income" (http://www.experian.com/consumer-information/debt-to-income-insight.html). On multiple occasions, beginning on or after February 2006, Plaintiff notified EXPERIAN, via telephone and written correspondence, of Plaintiff's dispute regarding the accuracy of the monthly payment listed by EXPERIAN for a mortgage account "COUNTRYWIDE HOME LOANS", account number "2738....". The correct monthly payment amount should have been $1073.00, instead EXPERIAN listed "$3196.00". The listed, and grossly incorrect, payment was nearly three times the correct monthly payment. EXPERIAN's malicious, willful, and negligent actions in refusing, and or failing, to correct the erroneous information grossly affected Plaintiff's credit score, Plaintiff's

debt-to-income ratio by inaccurately and artificially increasing it nearly 200%, and causing a grossly negative effect on Plaintiff's creditworthiness. EXPERIAN's malicious, willful, and negligent actions caused severe injury to Plaintiff as Plaintiff was denied credit on multiple occasions, to include credit cards, automobile loans, and mortgage refinance transactions, and when credit did get granted, it was at less favorable terms given EXPERIAN's actions' negative impact on Plaintiff's creditworthiness. EXPERIAN failed to take all the actions required under the FCRA. Experian knew, or should have known, that continuing to report an incorrect monthly mortgage payment that was nearly three times the actual payment would have a detrimental effect on Plaintiff's credit score, grossly skew Plaintiff's debt-to-income ratio, and cause a gross negative effect on Plaintiff's "creditworthiness".

27. EXPERIAN failed to correct, and or delete, the disputed monthly payment listed for the COUNTRYWIDE account, thus in violation of the FCRA, to include but not limited to, 15 U.S.C. § 1681b, § 1681e, and § 1681i.

28. Additionally, Defendant was negligent and willfully violated, on more than a dozen separate instances, § 1681g(a)(3) requiring that Defendant provide Plaintiff with "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business" for every individual or entity "that procured [Plaintiff's] consumer report". Defendant failed at each instance to disclose and provide the true and full trade name of the entities that had had access to Plaintiff's information, and/or consumer file.

29. Furthermore, Defendant was negligent and willfully violated, on more than a dozen separate instances, § 1681g(a)(5) requiring Defendant provide Plaintiff with a "record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the

consumer". EXPERIAN provided numerous "Credit Report[s] Prepared For:" Plaintiff which failed to list all and every inquiry required to be disclosed by EXPERIAN under § 1681g(a)(5).

30. EXPERIAN's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., are also violations of the Texas Fair Credit Reporting Act ("TFCRA"), Tex. Bus. & Com Code § 20.05 et seq. Each occurrence where EXPERIAN issued a consumer and/or credit report with inaccurate information disputed by Plaintiff, is a separate violation of the FCRA and TFCRA. EXPERIAN's FCRA & TFCRA violations have injured Plaintiff as Plaintiff has been denied credit on more than one dozen occasions, has lost credit opportunity as Plaintiff was unable to secure favorable credit terms on at least 5 different occasions, and suffered financial damages of $107,232.36 in additional credit costs that Plaintiff has had to incur as a result of EXPERIAN's actions. Plaintiff sues for actual damages, statutory damages, and punitive damages for each and separate violation of FCRA & TFCRA.

## V. EQUIFAX VIOLATIONS OF 15 U.S.C. § 1681b, § 1681e, and § 1681i

31. On, or about, the following dates, EQUIFAX did without Plaintiff's authorization executed hard inquiries on behalf of CORELOGIC, giving CORELOGIC access to, and allowing CORELOGIC to obtain Plaintiff's consumer credit report as maintained by defendant EQUIFAX:

      a. November 15, 2012;
      b. November 21, 2012;
      c. December 5, 2012;
      d. December 10, 2012; and
      e. December 18, 2012.

Plaintiff contacted EQUIFAX to dispute the aforementioned inquiries, EQUIFAX promptly deleted the disputed inquiries, and Plaintiff does not seek statutory damages in connection with the aforementioned inquiries.

32. Furthermore, on multiple occasions, beginning on or after February 2006, Plaintiff notified EQUIFAX, via telephone and written correspondence, of Plaintiff dispute regarding the accuracy of the monthly payment listed by EQUIFAX for a mortgage account "COUNTRYWIDE HOME LOANS", account number "2738....". The correct monthly payment amount should have been $1073.00, instead EQUIFAX listed "$3196.00". The listed, and grossly incorrect, payment was nearly three times the correct monthly payment. EQUIFAX's malicious, willful, and negligent actions in refusing, and or failing, to correct the erroneous information grossly affected Plaintiff's credit score, Plaintiff's creditworthiness, and Plaintiff's debt-to-income ratio by inaccurately and artificially increasing it nearly 200%. EQUIFAX's malicious, willful, and negligent actions caused severe injury to Plaintiff as Plaintiff was denied credit on multiple occasions, to include credit cards, automobile loans, and mortgage refinance transactions. EQUIFAX failed to take all the actions required under the FCRA. EQUIFAX knew, or should have known, that by continuing to report a monthly mortgage payment that was nearly three times the actual payment would have a detrimental effect on Plaintiff's credit score, grossly skew Plaintiff's debt-to-income ratio, and cause a gross negative effect on Plaintiff's "creditworthiness".

33. EQUIFAX failed to correct the grossly incorrect monthly payment listed for the COUNTRYWIDE account, thus in violation of the FCRA, to include but not limited to, 15 U.S.C. § 1681b, § 1681e, and § 1681i.

34. Additionally, EQUIFAX states that "Someone with no credit cards, for example, may be seen as a higher risk" (http://www.equifax.com/answers/ request-free-credit-report/en_efx). Even though Plaintiff contacted Equifax on multiple occasions regarding the inaccuracies in Plaintiff's consumer file, missing Chase Credit Card account number xxxx-8726, EQUIFAX refused to correct Plaintiff's consumer file information, even after Plaintiff provided correspondence from Chase Bank confirming that Chase had reported Plaintiff's credit card information to EQUIFAX.

35. EQUIFAX's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., are also violations of the Texas Fair Credit Reporting Act (TFCRA"), Tex. Bus. & Com Code § 20.05 et seq. Each occurrence where EQUIFAX issued a consumer and/or credit report with inaccurate information disputed by Plaintiff, is a separate violation of the FCRA and TFCRA. EQUIFAX's malicious, willful, and negligent actions caused severe injury to Plaintiff as Plaintiff was denied credit on multiple occasions, to include credit cards, automobile loans, and mortgage refinance transactions, and when credit did get granted, it was at less favorable terms given EQUIFAX's actions' negative impact on Plaintiff's creditworthiness. Additionally, EQUIFAX's FCRA & TFCRA violations have injured Plaintiff as Plaintiff has suffered financial damages of $107,232.36 in additional credit costs that Plaintiff has had to incur as a result of EQUIFAX's actions. Plaintiff sues for actual damages, statutory damages, and punitive damages for each and separate violation of FCRA & TFCRA.

### VI. TRANSUNION's VIOLATIONS OF 15 U.S.C. § 1681b, § 1681e, and § 1681i

36. On, or about, the following dates, TRANSUNION did improperly, maliciously, willfully, negligently, unlawfully, and without Plaintiff's authorization executed hard inquiries

on behalf of CORELOGIC, giving CORELOGIC access to, and allowing CORELOGIC to obtain Plaintiff's consumer credit report as maintained by defendant TRANSUNION:

    a. November 15, 2012;
    b. November 21, 2012;
    c. December 5, 2012;
    d. December 10, 2012; and
    e. December 18, 2012.

37. Even though Plaintiff send TRANSUNION of a written dispute as to the validity of the aforementioned inquiries, as of today TRANSUNION has refused to remove the credit inquiry and/or failed to report the inquiry as being disputed. TRANSUNION's actions caused Plaintiff's credit score to decrease due to "the number of inquiries", thus in violation of the FCRA, to include but not limited to, 15 U.S.C. § 1681b, § 1681e, and § 1681i.

38. Furthermore, on multiple occasions, beginning on or after February 2006, Plaintiff notified TRANSUNION, via telephone and written correspondence, of Plaintiff dispute regarding the accuracy of the monthly payment listed by TRANSUNION for a mortgage account "COUNTRYWIDE HOME LOANS", account number "2738....". The correct monthly payment amount should have been $1073.00, instead TRANSUNION listed "$3196.00". The listed, and grossly incorrect, payment was nearly three times the correct monthly payment. TRANSUNION's malicious, willful, and negligent actions in refusing, and or failing, to correct the erroneous information grossly affected Plaintiff's credit score, Plaintiff's creditworthiness, and Plaintiff's debt-to-income ratio by inaccurately and artificially increasing it nearly 200%. TRANSUNION's malicious, willful, and negligent actions caused severe injury to Plaintiff as Plaintiff was denied credit on multiple occasions, to include credit cards, automobile loans, and mortgage refinance transactions. TRANSUNION failed to take all the actions required under the FCRA. Experian knew, or should have known, that by continuing to report a monthly mortgage payment that was nearly three times the actual payment would have a detrimental effect on

Plaintiff's credit score, grossly skew Plaintiff's debt-to-income ratio, and cause a gross negative effect on Plaintiff's "creditworthiness".

39. TRANSUNION's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., are also violations of the Texas Fair Credit Reporting Act (TFCRA"), Tex. Bus. & Com Code § 20.05 et seq. Each occurrence where TRANSUNION issued a consumer and/or credit report with inaccurate information disputed by Plaintiff, is a separate violation of the FCRA and TFCRA. TRANSUNION's malicious, willful, and negligent actions caused severe injury to Plaintiff as Plaintiff was denied credit on multiple occasions, to include credit cards, automobile loan, and mortgage refinance, and when credit did get granted, it was at less favorable terms given TRANSUNION's actions' negative impact on Plaintiff's creditworthiness. Additionally, TRANSUNION's FCRA & TFCRA violations have injured Plaintiff as Plaintiff has suffered financial damages of $107,232.36 in additional credit costs that Plaintiff has had to incur as a result of TRANSUNION's actions. Plaintiff sues for actual damages, statutory damages, and punitive damages for each and separate violation of FCRA & TFCRA..

VII. **THE CRA DEFENDANT'S DEFAMATION OF PLAINTIFF'S CHARACTER**

40. Plaintiff hereby incorporates all facts previously stated above, herein by reference.

41. CRA Defendants' negligent and malicious actions were in violation of the Fair Credit Reporting Act "FCRA", 15 U.S.C. §§ 1681 et seq.

42. EQUIFAX maliciously defamed Plaintiff's character by misrepresenting his creditworthiness in refusing to add the Chase credit card account information even though EQUIFAX knew that doing so would cause injury to Plaintiff as even EQUIFAX emphasizes an accurate credit report since "if any of your accounts are missing, or if there is information that

doesn't belong to you, it can hurt your credit score."( http://blog.equifax.com/credit/how-your-credit-score-is-calculated/).

43. The CRA Defendants willfully, negligently, and maliciously defamed Plaintiff's character by providing potential creditors with erroneous, incorrect, and inaccurate information that did not adequately reflect Plaintiff's character and creditworthiness. The CRA Defendants wrongly categorized Plaintiff's "[credit] Risk Level" from "Low" to "Medium" when in fact Plaintiff had paid off more than $20,000 worth of debt within a 30 day period. Additionally, the CRA Defendants defamed Plaintiff's character by misrepresenting his creditworthiness to creditors by providing a lower credit score than Plaintiff would have otherwise had attained, had it not been for the negative effect on Plaintiff's credit score by the CRA Defendants' actions, and inaccuracies in Plaintiff's consumer report.

44. The CRA Defendants' defamation of Plaintiff's character injured Plaintiff, as Plaintiff incurred loss of credit opportunity, was denied credit on multiple occasions, and when credit did get granted, it was at less favorable terms. Additionally, the CRA Defendants' defamation of Plaintiff's character have injured Plaintiff as Plaintiff has suffered financial damages of $107,232.36 in additional credit costs that Plaintiff has had to incur as a result of The CRA Defendants' defamation of Plaintiff character.

## VIII. VIOLATIONS OF 15 U.S.C. § 1681b(c)

45. XCELERATED, HSBC, CROSSCOUNTRY, NATIONS, ONEMAIN, GRANITE, AT&T, SILVERLEAF, and ABC ENTITIES 1 – 200, hereinafter referred as "SECTION 1681b(c) Defendants", did, between January 17, 2003 and the present, on dozens of occasions engaged in willful and negligent actions that violated the FCRA by requesting and accessing Plaintiff's consumer and/or credit report without a permissible purpose. The

SECTION 1681b(c) Defendants willfully disregarded the FCRA limitations as none of the incidents, where they requested, obtained, and accessed Plaintiff's consumer and/or credit report, were in connection with a credit transaction initiated by Plaintiff, as required under 15 U.S.C. §1681b(a), and neither were they related to a firm offer of credit, or insurance, as required by §1681b(c)(1)(B). The FCRA is very clear in restricting a business entity access to a consumer's credit report, and the SECTION 1681b(c) Defendants choose to place profit before compliance, and before Plaintiff's rights and protections.

46. Furthermore, the CRA Defendants, also violated the FCRA by negligently failing to have adequate procedures in place to ensure that Plaintiff's information, consumer and/or credit report, is only accessed by entities with a permissible purpose. The CRA Defendants maliciously, willfully, and negligently allowed the SECTION 1681b(c) Defendants to have unauthorized access to Plaintiff's information, and/or consumer and/or credit report.

47. Plaintiff sues the SECTION 1981b(c) Defendants, and the CRA Defendants, for negligence and willful, malicious, and continuing violations of the Texas Fair Credit Reporting Act, Tex. Bus. & Com Code § 20.05 et seq. and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

### IX. COUNTRYWIDE VIOLATIONS OF 15 U.S.C. § 1681b, § 1681e, and § 1681i

48. On multiple occasions, beginning on or after February 2006, Plaintiff notified COUNTRYWIDE, BOA, and/or BAC, via telephone and written correspondence, of Plaintiff's dispute regarding the accuracy of the monthly payment listed by the CRA Defendants for a mortgage account "COUNTRYWIDE HOME LOANS", account number "2738....". The correct monthly payment amount should have been $1073.00, instead COUNTRYWIDE, BOA, and/or BAC was reporting, and the CRA Defendants listed "$3196.00". The listed, and grossly

incorrect, payment was nearly three times the correct monthly payment. Plaintiff disputed the accuracy of the information reported by COUNTRYWIDE, BOA, and/or BAC, and requested that COUNTRYWIDE, BOA, and/or BAC take the necessary actions to correct, with the CRA Defendants, the monthly payment amount listed in Plaintiff's consumer and/or credit report. COUNTRYWIDE, BOA, and/or BAC failed to take all the actions required under FCRA, to include, but not limited by § 1681e & i.

49. COUNTRYWIDE, BOA, and/or BAC's malicious, willful, and negligent actions in refusing, and or failing, to correct the erroneous information grossly affected Plaintiff's credit score, Plaintiff's debt-to-income ratio by inaccurately and artificially increasing it nearly 200%, and causing a grossly negative effect on Plaintiff's creditworthiness. COUNTRYWIDE, BOA, and/or BAC's malicious, willful, and negligent actions caused severe injury to Plaintiff as Plaintiff was denied credit on multiple occasions, to include credit cards, automobile loans, and mortgage refinance transactions, and when credit did get granted, it was at less favorable terms given COUNTRYWIDE, BOA, and/or BAC's actions' negative impact on Plaintiff's creditworthiness. COUNTRYWIDE, BOA, and/or BAC failed to take all the actions required under the FCRA. COUNTRYWIDE, BOA, and/or BAC knew, or should have known, that by continuing to report a monthly mortgage payment that was nearly three times the actual payment would have a detrimental effect on Plaintiff's credit score, grossly skew Plaintiff's debt-to-income ratio, and cause a gross negative effect on Plaintiff's "creditworthiness".

50. COUNTRYWIDE, BOA, and/or BAC's malicious, willful, and negligent actions injured Plaintiff as Plaintiff has suffered financial damages of $64,216.36 in additional credit costs that Plaintiff has had to incur as a result of COUNTRYWIDE, BOA, and/or BAC's actions.

Plaintiff sues for actual damages, statutory damages, and punitive damages for each and separate violation of FCRA & TFCRA.

## X. TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

51. EXPERIAN and CONSUMERINFO are also being sued under the Deceptive Trade Practices Act "DTPA", Tex. Bus. & Com. Code § 17.41 *et seq.*

52. Plaintiff contracted with EXPERIAN and CONSUMERINFO for credit report monitoring services, which among other things entitles Plaintiff to obtain Plaintiff's credit report. Defendants violated the DTPA when they engaged in an unconscionable action or course of action to Plaintiff's detriment. Specifically, on at least a dozen instances, EXPERIAN and CONSUMERINFO provided Plaintiff with Plaintiff's credit report in violation of the FCRA as § 1681g(a)(5) required EXPERIAN and CONSUMERINFO to provide Plaintiff with credit report that includes a "record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer". EXPERIAN and CONSUMERINFO provided numerous, more than a dozen, "Credit Report[s] Prepared For:" Plaintiff which failed to list every inquiry required to be disclosed by EXPERIAN under § 1681g(a)(5).

53. EXPERIAN and CONSUMERINFO made numerous material misrepresentations in order to induce Plaintiff to contract for their credit monitoring services.

54. EXPERIAN and CONSUMERINFO knew, or should have known, that their representations were false, and/or acted in reckless disregard for the truth or falsity of their representations. Furthermore, Defendants' actions were willful, malicious, and done in reckless disregard for Plaintiff's rights.

55.  Texas Business & Commerce Code section 17.505(a) allows Plaintiff to recover treble damages pursuant to the Texas Business & Commerce Code section 17.50(b)(1) and to recover actual/economic damages, and exemplary/punity damages, and discretionary additional damages.

56.  The Texas Business & Commerce Code section 17.50(b)(1) entitles Plaintiff to recover reasonable and necessary attorney fees.

## XI. DAMAGES

57.  Plaintiff seeks, in addition to the damages allowed by FCRA § 1681n & o, the following damages:

   a. Actual damages from the CRA Defendants in the amount of $107,232.36, and from COUNTRYWIDE, BAC, and/or BOA in the amount of $64,216.36 in credit costs incurred by Plaintiff;

   b. damages in excess of $75,000, from each CRA Defendant, and from COUNTRYWIDE, BAC, and/or BOA for denial of credit and loss of credit opportunity;

   c. damages in excess of $75,000, from each CRA Defendant, for Defamation of Plaintiff's character;

   d. emotional damages of $25,000 from each CRA Defendant and COUNTRYWIDE, BAC, and/or BOA

   e. statutory damages in the amount of $1,000 from each Defendant who violated, and for every violation of, 15 U.S.C. § 1681b, § 1681e, § 1681g, § 1681i, and the Texas Fair Credit Reporting Act, Tex. Bus. & Com Code § 20.05 et seq.

   f. damages for violations of the Deceptive Trade Practices Act "DTPA", Tex. Bus. & Com. Code § 17.41 *et seq.*, to include but not limited to actual/economic damages, and exemplary/punitive damages, and discretionary additional damages;

   g. punitive damages, within the jurisdictional limit of the Court, in an amount necessary to deter all Defendants from continued violations of the FCRA, TFCRA, and DTPA;

   h. costs of suit, and attorney's fees; and

   i. pre-judgment and post-judgment interest.

## XII.  REQUEST FOR JURY TRIAL

58.  Plaintiff respectfully requests a trial by Jury.

## XI.  PRAYER

59.  Plaintiff prays the Court, that upon conclusion of trial, enters judgment against Defendants, that he recover damages claimed above, his costs of suit, attorney's fees, pre-judgment and post-judgment interest, and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

JOSE D. IRAHETA
4431 Nugget Peak
San Antonio, Texas 78259
Telephone: 832-755-3195
Facsimile:  832-415-2486
irahetaj@gmail.com

**PLAINTIFF, *PRO SE***

## CERTIFICATE OF SERVICE

I hereby certify that, per Fed. R. Civ. P. 5(b)(2)(E) agreement, a copy was sent, on September 17, 2013, via electronic mail to opposing counsel, to the following email address: wrtaylor@jonesday.com.

**PLAINTIFF, *PRO SE***