UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JOSE IRAHETA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | Civil Action No. 5:13-cv-00330-OLG |
| v. | § | |
| | § | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
<u>FIRST AMENDED ORIGINAL COMPLAINT</u>**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), files its Answer and Affirmative Defenses to Plaintiff's First Amended Original Complaint, and states as follows:

**I.  PARTIES AND SERVICE**

1. In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff states that he is a Texas Resident.

2. In response to Paragraph 2 of the Complaint, Experian admits that it is qualified to do business in the State of Texas and has appeared in this matter.

3. In response to Paragraph 3 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 5 of the Complaint.

6. In response to Paragraph 6 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related

to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 10 of the Complaint.

11. In response to Paragraph 11 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 18 of the Complaint. In further response to Paragraph 18 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

## II.  JURISDICTION AND VENUE

19. In response to Paragraph 19 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

20. In response to Paragraph 20 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

### III.  FACTS

21.     In response to Paragraph 21 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 21 of the Complaint. In further response to Paragraph 21 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

22.     In response to Paragraph 22 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 22 of the Complaint. In further response to Paragraph 22 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

### IV.  EXPERIAN VIOLATIONS OF 15 U.S.C. § 1681b, § 1681g and § 1681i

23.     In response to Paragraph 23 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 23 of the Complaint. In further response to Paragraph 23 of the Complaint as it relates to other Defendants or nonparties, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants or nonparties and on that basis denies, generally and specifically, each and every allegation contained therein.

24.     In response to Paragraph 24 of the Complaint, Experian admits that Plaintiff contacted Experian via telephone on or about December 27, 2012.  Except as specifically admitted herein, Experian denies, generally and specifically, each and every remaining allegation of Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation of Paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 27 of the Complaint. In further response to Paragraph 27 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation of Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation of Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation of Paragraph 30 of the Complaint.

## V.   EQUIFAX VIOLATIONS OF U.S.C. § 1681b, § 1681e and § 1681i

31. In response to Paragraph 31 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related

to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 35 of the Complaint.

### VI. TRANSUNION'S VIOLATIONS OF U.S.C. § 1681b, § 1681e and § 1681i

36. In response to Paragraph 36 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 36 of the Complaint.

37. In response to Paragraph 37 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 38 of the Complaint.

39. In response to Paragraph 39 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 39 of the Complaint.

VII. THE CRA DEFENDANT'S DEFAMATION OF PLAINTIFF'S CHARACTER

40. In response to Paragraph 40 of the Complaint, Experian admits those limited allegations that were previously admitted and denies those allegations that were previously denied.

41. In response to Paragraph 41 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 41 of the Complaint. In further response to Paragraph 41 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

42. In response to Paragraph 42 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 42 of the Complaint.

43. In response to Paragraph 43 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 43 of the Complaint.

In further response to Paragraph 43 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

44. In response to Paragraph 44 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 44 of the Complaint. In further response to Paragraph 44 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

### VIII.  VIOLATIONS OF 15 U.S.C. § 1681b(c)

45. In response to Paragraph 45 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 45 of the Complaint.

46. In response to Paragraph 46 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 46 of the Complaint. In further response to Paragraph 46 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

47. In response to Paragraph 47 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 47 of the Complaint. In further response to Paragraph 47 of the Complaint as it relates to other Defendants, Experian

is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

### IX.  COUNTRYWIDE VIOLATIONS OF U.S.C. § 1681b, § 1681e and § 1681i

48. In response to Paragraph 48 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 48 of the Complaint.

49. In response to Paragraph 49 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 49 of the Complaint.

50. In response to Paragraph 50 of the Complaint as it relates to another Defendant, Experian is without sufficient knowledge or information to admit or deny the allegations related to another Defendant and on that basis denies, generally and specifically, each and every allegation of Paragraph 50 of the Complaint.

### X.  TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

51. In response to Paragraph 51 of the Complaint Experian admits that Plaintiff states that he is suing Experian and ConsumerInfo under the Deceptive Trade Practices Act "DTPA", Tex.Bus.&Com. Code § 17.41 *et seq*.

52. In response to Paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to Paragraph 53 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 53 of the Complaint. In further response to Paragraph 53 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

54. In response to Paragraph 54 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 54 of the Complaint. In further response to Paragraph 54 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

55. In response to Paragraph 55 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

56. In response to Paragraph 56 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

## XI.  DAMAGES

57. In response to Paragraph 57 of the Complaint as it relates to Experian, Experian denies, generally and specifically, each and every allegation of Paragraph 57 of the Complaint. In further response to Paragraph 57 of the Complaint as it relates to other Defendants, Experian is without sufficient knowledge or information to admit or deny the allegations related to other Defendants and on that basis denies, generally and specifically, each and every allegation contained therein.

## XII.  REQUEST FOR JURY TRIAL

58. In response to Paragraph 58 of the Complaint Experian admits the Plaintiff has requested a trial by jury.

## XI.  PRAYER

59. In response to Paragraph 59 of the Complaint Experian denies that Plaintiff is entitled to the relief sought in paragraph 59.

## **AFFIRMATIVE DEFENSES**

60. Plaintiff's state law claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

61. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

62. Experian alleges that it acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.

63. Experian alleges that it acted at all times in compliance with Chapter 17 and Chapter 20 of the Texas Business and Commerce Code.

64. Experian alleges that it at all times followed reasonable procedures to assure the maximum possible accuracy of the credit information pertaining to Plaintiff.

65. Experian alleges that Plaintiff may have failed to follow procedures required by the Fair Credit Reporting Act or the Texas Business and Commerce Code in the event that a consumer disputes the completeness or accuracy of any item of information contained in Experian's credit file.

66. All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

67. Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

68. Experian alleges that any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

69. All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

70. Plaintiff has failed to mitigate her alleged damages.

71. The Complaint and each claim for relief therein is barred by laches.

72. Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

73. Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

74. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

75. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

For costs of suit and attorneys' fees herein incurred; and

For such other and further relief as the Court may deem just and proper.

October 11, 2013

Respectfully submitted,

/s/ *William R. Taylor*
William R. Taylor
Texas State Bar No. 24070727
JONES DAY
717 Texas, Ste. 3300
Houston, Texas   77002-2712
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

ATTORNEY FOR DEFENDANT,
EXPERIAN INFORMATION SOLUTIONS, INC.

CERTIFICATE OF SERVICE

       I hereby certify that on October 11, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.  I further certify that a true and correct copy of the foregoing instrument was served via certified mail, return receipt requested upon:

Jose D. Iraheta
4431 Nugget Peak
San Antonio, Texas 78259
210-833-7820
*Pro Se* Plaintiff

                                              /s/ *William R. Taylor*
                                              William R. Taylor